# EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS
# THE TRIAL COURT

MIDDLESEX, ss.                              SUPERIOR COURT DEPARTMENT
                                            CRIMINAL DOCKET NO. MICR 2000-1557

## COMMONWEALTH

v.

## JAIME R. MENDEZ

### MOTION TO SUPPRESS EVIDENCE

The defendant, Jaime R. Mendes, moves this Court pursuant to Mass. R. Crim. P. 13 to suppress all items seized during the warrantless arrest of the defendant on 26 October 2000 during a motor vehicle stop on the Massachusetts Turnpike. Specifically, the defendant seeks to suppress a quantity of a substance alleged to be cocaine, as well as statements or any other evidence obtained directly or indirectly as a result of police actions, based on the following grounds:

1. The search was not based upon probable cause.

2. The seizure was not based upon probable cause.

3. The search and seizure were not incident to a lawful arrest.

4. The defendant did not consent to the search and seizure.

5. The defendant did not possess the authority to consent to the search of an opaque black gym bag found in the motor vehicle.

6. The search and seizure were not pursuant to a valid warrant.

7. The search was in violation of G.L. c. 276, sec. 1.

8. The defendant did not waive voluntarily any of his rights under the U.S. Constitution or the Massachusetts Declaration of Rights.

9. The search exceeded the area of immediate physical control of the defendant and was therefore not a proper search incident to arrest.

10. The scope of the search far exceeded that justified by the surrounding circumstances.

COMMONWEALTH OF MASSACHUSETTS

RECEIVED
01 MAY -1 AM 11: 24
MIDDLESEX SUPERIOR COURT
EDWARD J. SULLIVAN
CLERK MAGISTRATE

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

Indictment: 2000-1558-001 thru 002

COMMONWEALTH

v.

David Taborda

## MOTION TO SUPPRESS EVIDENCE - WARRANTLESS SEARCH

Now comes the Defendant in the above-entitled matter and hereby respectfully moves this Honorable Court, pursuant to Rule 13 of the Massachusetts Rules of Criminal Procedure, to suppress as evidence against him any and all items seized, including but not limited to a quantity of a Class B controlled substance alleged to be cocaine, as a result of the warrantless arrest of the Defendant, and the warrantless search and seizure of items which took place on or about 9:46p.m. on October 26, 2000 in Hopkinton, Massachusetts. The Defendant further moves to suppress any "fruits" of the search, including but not limited to, any statements allegedly made by him.

The arrest was illegal and the search and seizure was unlawful because:

1. There were no specific and articulable facts which gave police reasonable grounds to suspect the Defendant or anyone in the automobile in which he was a passenger had committed, was committing or was about to commit a crime;

2. There was no probable cause for the arrest;

3. The search of the Defendant was illegal because it preceded the arrest;

4. The Defendant did not consent to the search;

5. The scope of the search was unjustified by the circumstances presented to the officer;

*[Handwritten margin notes:]* 5/11/01 Denied. See marginal entry in co-defendant's case MICR 2000-1557 where an identical motion to suppress was filed.