UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID TABORDA,<br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>      Respondent. | Case Nos.<br>3:03cv2024 (SRU)<br>3:01cr162 (SRU) |

## RULING

David Taborda has filed *pro se* a petition to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Taborda has also moved the court to appoint counsel.

Taborda pled guilty to conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. I sentenced him principally to 120 months' imprisonment. The Court of Appeals affirmed his conviction. *See United States v. Taborda*, No. 02-1580, 2003 WL 1913477 (2d Cir. 2003).

Taborda raises principally one claim in his petition. He argues that a state trooper illegally stopped the van in which he was a passenger and conducted a search and seizure in violation of his rights under the Fourth Amendment.[1] Because Taborda waived that argument by pleading guilty and by failing to raise it on direct appeal, his petition for relief under section 2255 is denied.

**I.    Background**

On October 26, 2000, Taborda and one of his co-defendants, Jaime Mendez, were

---

[1] Taborda also asserts that he was denied effective assistance of counsel because his attorney filed but failed to pursue a motion to suppress the evidence seized from the van. The attorney did file a motion to suppress, but Taborda subsequently pled guilty and the motion became moot.

arrested on the Massachusetts Turnpike. A state police officer had stopped their van, and a search of the vehicle resulted in the seizure of several kilograms of cocaine. Taborda and Mendez were charged by Massachusetts authorities. On November 7, 2001, a federal grand jury returned a superseding indictment, charging Taborda with violations of 21 U.S.C. §§ 841(a)(1) and 846: unlawful possession with intent to distribute more than five kilograms of cocaine and conspiracy to do the same.

On June 3, 2002, pursuant to the terms of a plea agreement between Taborda and the federal government, Taborda pled guilty to conspiring to possess with intent to distribute and to distribute more than five kilograms of cocaine. Prior to pleading guilty, Taborda had filed a motion to suppress the evidence seized from the van, but that motion was not pursued or decided.

On September 17, 2002, I sentenced Taborda to the statutory minimum term of 120 months' imprisonment. Taborda appealed. He argued that I should have granted him "safety valve" relief pursuant to 18 U.S.C. § 3553(f) and sentenced him to a term shorter than the mandatory minimum. The Court of Appeals rejected that argument and upheld Taborda's conviction. On appeal, Taborda did not raise any arguments concerning the vehicle stop or search and seizure.

In the related Massachusetts state proceedings, Taborda and Mendez filed motions to suppress the evidence seized during the motor vehicle stop. After a hearing, Superior Court Judge Volterra denied those motions, finding that the officer was "justified in making a routine traffic stop" and that "probable cause was established from the odor that indicated the transport of cocaine in the vehicle." Marginal endorsement orders: *Commonwealth v. Mendez*, Crim. Docket No. MICR 2000-1557 (May 11, 2001); *Commonwealth v. Taborda*, Indictment No. 2000-

1558-001 (May 11, 2001) (Exhibit A to Gov't Memo. doc. # 294).

**II.    Discussion**

Section 2255 provides that a federal prisoner may petition the court that imposed his sentence to vacate, set aside or correct the sentence if it was imposed in violation of the Constitution or laws of the United States.  28 U.S.C. § 2255.

A.    <u>Waiver</u>

Generally, for a claim to be raised on collateral review in a section 2255 motion, a petitioner must have preserved it on direct appeal.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent.'"  *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Taborda has failed to show cause for the waiver.  His petition does not mention any reason why the claim was not pursued before me or why he did not raise it on direct appeal.  There is no suggestion that there is any newly discovered evidence.  *Cf. United States v. Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1993) (petitioner can demonstrate cause by showing that alleged claims are based on newly discovered evidence).

Taborda has also failed to show any actual prejudice.  A petitioner can show prejudice by establishing that the alleged error worked to his actual and substantial disadvantage.  *United States v. Frady*, 456 U.S. 152, 170 (1982).  Taborda chose to plead guilty to participation in the conspiracy.  He has not established that the alleged violation worked to his disadvantage.

Additionally, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

By pleading guilty and failing to raise the argument on direct appeal, Taborda has waived his claim that the state trooper's stop, search and seizure were unconstitutional.

B.      Vehicle Stop and Subsequent Search and Seizure

Even if Taborda's claim were not procedurally barred, the vehicle stop was constitutional. In addition, Taborda does not have standing to challenge the constitutionality of the search of the van and seizure of the cocaine.

1.      *Vehicle Stop*

A traffic stop is a limited seizure within the meaning of the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 809-10 (1996).[2] "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* at 810. *Accord United States v. Scopo*, 19 F.3d 777, 781 (2d Cir. 1994) ("When an officer observes a traffic offense – however minor – he has probable cause to stop the driver of the vehicle.").

Based on the evidence presented before her, Judge Volterra found that the state trooper was justified in making a routine traffic stop because the van failed to stay in marked lanes. Because there was, thus, probable cause to believe that a traffic violation had occurred, the stop was not unconstitutional.

---

[2] The government has acknowledged that Taborda has standing to challenge the constitutionality of the vehicle stop even though he was merely a passenger and has not asserted any interest in the vehicle or its contents. Gov't Memo. at 6, n.2, citing, *e.g.*, *United States v. Muyet*, 946 F. Supp. 302, 305 (S.D.N.Y. 1996).

      2.    *Lack of Standing to Challenge Search and Seizure*

Taborda does not have standing to challenge the search of the vehicle and seizure of the cocaine.  Absent an affirmative assertion of a property or possessory interest in the automobile or property seized, a mere passenger lacks standing to challenge a search of a vehicle.  *See Rakas v. Illinois*, 439 U.S. 128, 148-49 (1978).  Taborda has not asserted a property or possessory interest in the van.  Likewise, he has not asserted an interest in any of the property seized.  Taborda, thus, lacks standing to challenge the constitutionality of the search and seizure.[3]

Taborda's motions to vacate his sentence (doc. # 221) and to appoint counsel (doc. # 222) are DENIED.  A certificate of appealability will not issue because Taborda has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so ordered.

Dated at Bridgeport, Connecticut, this 10th day of September 2006.

                                            /s/ Stefan R. Underhill
                                                   Stefan R. Underhill
                                                   United States District Judge

---

[3] If the initial stop had been unconstitutional, the evidence seized in the subsequent search would have been subject to exclusion under the fruit-of-the-poisonous tree doctrine.  *See, e.g.*, *United States v. Kimball*, 25 F.3d 1, 4-6 (1st Cir. 1994).